James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: jdavis@njp-law.com
Email: gdudukgian@njp-law.com

Attorneys for Ronald Dick

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD DICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY AND BOROUGH OF SITKA & ) <br> THE SITKA POLICE DEPARTMENT ) <br> ) <br> Defendants. ) <br> _____) | Case No._____ |

**COMPLAINT FOR VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT**

COMES NOW the plaintiff, Ronald Dick, by and through counsel, the Northern Justice Project, LLC, and files this complaint against the City and Borough of Sitka ("CBS") and the Sitka Police Department ("SPD") for violating the Americans with Disabilities Act ("ADA"). Plaintiff also brings additional claims against defendants for false arrest and for emotional distress.

//

Page 1 of 7

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

2. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Defendant is located in this District and the events and/or omissions giving rise to this complaint substantially occurred within the District of Alaska.

## PARTIES

3. The plaintiff is a resident of Sitka.

4. The CBS is the governing entity for the City and Borough of Sitka.

5. The SPD is the police force for the City and Borough of Sitka.

## RELEVANT BACKGROUND

6. Plaintiff is a long-term member of the Sitka community and is profoundly disabled from his service in the United States Army. Plaintiff's disabilities render it impossible for walk more than short distances; ride a bike, motorcycle or ATV; or drive a car or enter or sit in a car (without assistance). The only way that plaintiff has been able to get from one place to another in Sitka is in his specially equipped "Other Power Driven Mobility Device" ("OPDMD").[1]

7. Plaintiff has been safely using his OPDMD on Sitka's roads for 3 years 5 months in Sitka, ever since he picked the OPDMD up at the Sitka Ferry Terminal on January 8, 2019.

---

[1] https://www.ada.gov/resources/opdmds.

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645

8. Plaintiff's OPDMD had proven salutary and essential for plaintiff's health and well-being, allowing him to get to his many medical appointments and to otherwise access public and private facilities in Sitka.

9. Plaintiff's OPDMD was modified for use on Sitka's roads at the point of purchase and is equipped with: a DOT approved windshield; windshield wipers; headlights; front and rear running lights; turn signals and flashers; front and rear brakes; and a horn.

10. On the way home from picking up his OPDMD at the Sitka Ferry Terminal in 2019, he was stopped twice, once by Sitka law enforcement officers and the second time by the State Troopers. At both stops plaintiff was questioned as to his OPDMD's legality. Plaintiff explained to the law enforcement officers the requirements of the ADA and why and how use his of his OPDMD was allowed under the ADA. Subsequently, on January 15, 2019, the SPD confirmed as much and emailed plaintiff informing him that his use of his OPDMD was, in fact, lawful and allowed under the ADA. This finding by the SPD was confirmed in another email from Michael Duxbury, State of Alaska Deputy Commissioner of the Alaska Department of Public Safety.

11. Thereafter, and up until March 27, 2022, plaintiff used his OPDMD on all of the Sitka roads and highways and never had any issues or problems, safety or otherwise, with anyone or anything. But on March 27, 2022, SPD decided to violate plaintiff's rights under the ADA and to threaten, harass and falsely arrest plaintiff. Specifically, on March 27, plaintiff was on SEARCH property receiving health care. When plaintiff came out of his medical appointment he found that his OPDMD had

been blocked in its parking place by an SPD officer and his patrol car. The officer refused to allow plaintiff to leave and told plaintiff, that if he attempted to leave in his OPDMD, he would be summarily jailed. Because plaintiff was physically blocked in by this officer's police vehicle, and had no other means of egressing from the SEARCH property, he was not free to leave.

12. Plaintiff is a military veteran and, though profoundly disabled and an septuagenarian, is not one to be cowed by a bullying law enforcement officer, who appears intent on violating his civil rights. Plaintiff explained to this officer the particulars of the ADA and of the prior acknowledgement by the SPD and the State Troopers of the legality of his use of the OPDMD. Plaintiff offered to provide the officer with relevant paperwork that he had in his vehicle. However, instead of acting sensibly, the SPD officer stated he was "following orders." Soon thereafter, **three** additional SPD vehicles, for a total of **six** SPD officers, arrived on the "scene of the crime." All in an effort to intimidate and threaten plaintiff. The SPD is a police department that is out of control and apparently lacking in all management and oversight. Moreover, the SPD appears more interested in trying to intimidate one of our veterans, by misusing its public resources, instead of respecting his rights under the law.

13. Plaintiff's disabilities are so profound that, if he were forcibly arrested and cuffed and placed into a patrol car, he might and likely would suffer permanent and irremediable injuries. Plaintiff attempted to explain as much to the responding officers and they did not care: they insisted that, if plaintiff attempted to leave and go home in his OPDMD, he would be summarily arrested by the SPD.

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645

14. Under federal law, specifically Title II of the ADA, a city (like the CBS) must make reasonable modifications in its policies, practices, or procedures to permit the use of OPDMDs by individuals with mobility disabilities, like the plaintiff, unless the city can demonstrate that the type of OPMDMD cannot be operated in accordance with legitimate safety requirements that the public accommodation has adopted in accord with the law. Here, the CBS has failed to adopt **any** safety requirements concerning OPDMDs. Moreover, the CBS cannot possibly show cannot possibly show that the type of OPMDMD at issue here cannot be operated in accordance with legitimate safety requirements; plaintiff has been safely operating this OPDMD for years.

15. Defendants appear to think that the ADA allows them to arrest or harass plaintiff for his use of his OPDMD because defendants think the OPDMD poses a "direct threat" under the ADA to public safety. Defendants have failed to do their homework. In order to use the "direct threat" defense under the ADA, the defendants would have needed to have made an individualized assessment, based on reasonable judgment, that relies on current objective evidence, of the nature of the risk to public safety and on whether there is any probability that any injuries will occur to members of the public by way of use of the at-issue OPDMDs  Here, the defendants have engaged in no such assessment, ever.

16. Because of defendants' threats to arrest him if he uses his OPDMD, plaintiff has not used his OPDMD and has been confined to his house unless he can somehow find transportation that does not aggravate his preexisting disabilities.

## CLAIMS FOR RELIEF:

### FIRST CAUSE OF ACTION – VIOLATION OF THE ADA

17. The foregoing paragraphs of this Complaint are incorporated herein as though fully set forth.

18. In acting in the aforesaid fashion, the defendants violated the ADA and plaintiff's rights and protections under the ADA.

19. Plaintiff is entitled to damages, an injunction and full attorney's fees.

### SECOND CAUSE OF ACTION – UNLAWFUL ARREST

20. The foregoing paragraphs of this Complaint are incorporated herein as though fully set forth.

21. The SPD's actions on March 27, 2022 amounted to an unlawful arrest of plaintiff.

22. Plaintiff is entitled to actual and consequential and/or nominal damages.

### THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. The foregoing paragraphs of this Complaint are incorporated herein as though fully set forth.

24. In acting in the aforesaid fashion, the defendants exhibited conduct that was extreme and outrageous.

25. In acting in the aforesaid fashion, the defendants recklessly or intentionally intended to cause plaintiff severe emotional distress.

26. In acting in the aforesaid fashion, the defendants did cause plaintiff severe emotional distress.

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645

27. Plaintiff is entitled to actual and compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests that the Court grant:

(1) An injunction or temporary restraining order allowing plaintiff to use his OPDMD on Sitka's roads, as he has been doing for the past three years, until final judgment is entered in this case;

(2) Actual and compensatory and nominal damages against the defendants;

(3) The costs and expenses of litigation, including full attorney fees;

(4) All other relief as the Court deems necessary.

DATED this 28th day of February 2023

>NORTHERN JUSTICE PROJECT, LLC
>Attorneys for Plaintiff
>
>By: /s/ James J. Davis, Jr.
>    James J. Davis, Jr., AK Bar No. 9412140
>    Goriune Dudukgian, AK Bar No. 0506051

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645